UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No.: 8:18-cr-150-VMC-SPF

JEFFREY HERNEY REALPE

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Jeffrey Herney Realpe's pro se second Motion for Early Termination of Supervised Release (Doc. # 119), filed on March 3, 2025. The United States responded on March 21, 2025. (Doc. # 122). For the reasons that follow, the Motion is granted.

**Discussion**

Pursuant to 18 U.S.C. § 3583(e),

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

On March 8, 2019, the Court re-sentenced Mr. Realpe to 63 months' imprisonment, followed by four years of supervised release, for conspiracy to possess with intent to distribute 500 grams or more of cocaine. (Doc. # 97). After his release, Mr. Realpe filed his first motion for early termination in March 2024. (Doc. # 114). The United States opposed that motion. (Doc. # 116). Because Mr. Realpe had only served 13 months of his supervised release term at that time, the Court denied his first motion on March 29, 2024. (Doc. # 117). However, the Court noted that "Mr. Realpe can refile his motion at a later date and the Court will consider it at that time." (Id.).

Now, Mr. Realpe again seeks early termination of his supervised release. (Doc. # 119). He emphasizes that he "has completed two years of supervised release in satisfactory fashion" and "has complied with the terms of release imposed by this Court, has been cooperative with the United States Probation Office, and has submitted and pass[ed] any required drug and alcohol tests." (Id. at 1-2). Mr. Realpe notes that he "has completed a training program at Tulsa Welding for Electrical Mechanical Technology [] and Electrical Application [] while maintaining employment" (Id. at 2).

2

Furthermore, he is active in his local church and attends "community outreach volunteer events bi-weekly." (Id.).

Importantly, neither probation nor the government oppose Mr. Burton's request. (Doc. # 122). Considering all of the above, the Court finds that the Section 3553(a) factors weigh in favor of early termination. In light of Mr. Realpe's good conduct on supervised release and the probation officer's consent, the Court agrees that Mr. Realpe's supervised release should be terminated early.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Jeffrey Herney Realpe's pro se second Motion for Early Termination of Supervised Release (Doc. # 119) is **GRANTED**.

(2) Jeffrey Herney Realpe is discharged from supervised release effective immediately and the proceedings in the case are terminated.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of March, 2025.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE